USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                  :

UNITED STATES OF AMERICA,            :

        -v-                                             :            1:15-cr-454-GHW

KEITH BILLUPS,                             :                 <u>ORDER</u>

                         Defendant.    :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      The February 21, 2023 application for the early termination of Keith Billups' supervised release is granted. Dkt. No. 174 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

      Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03-0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Billups's application should be granted. The Application describes the substantial advances that Mr. Billups has made during his period of supervised release. Among other things, he has remained in perfect compliance with the terms of his supervised release, has maintained employment, strengthened his family relationships, and improved his mental health. Application at 3-4.

The Court has confirmed the factual basis for Mr. Billups's application with the probation office. Moreover, the probation office has confirmed in substance its view of the accuracy of Mr. Billups's contention that Mr. Billups "no longer needs the support or structure of supervised release to assist him in his transition back into the community." Application at 4. As a result, the Court accepts Mr. Billups' arguments that the adverse effects of his supervised release on his ability to travel and work are no longer warranted by the benefits of his term of supervised release. *Id.*

In sum, having duly considered the relevant 3553(a) factors and Mr. Billups' exceptional performance while on supervised release—in particular his strong work history and improved mental health—the Court orders the early termination of Mr. Billups' supervised release effective as of April 11, 2023.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 174.

SO ORDERED.

Dated: April 4, 2023
       New York, New York

                                                  GREGORY H. WOODS
                                                United States District Judge